

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-19-2007

# WR Huff Asset Mgt v. Harmonay

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-5028

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"WR Huff Asset Mgt v. Harmonay" (2007). *2007 Decisions*. Paper 1244.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1244

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 06-5028 and 07-1566

W.R. HUFF ASSET MANAGEMENT CO., L.L.C.;
WRH PARTNERS GLOBAL SECURITIES, L.P.;
W.R. HUFF CM, L.L.C.; WRH PARTNERS, II
L.L.C.; ON THE GREEN, L.L.C.,
                                        Appellants

v.

KENNETH J. HARMONAY; WILLIAM J. CONNORS;
MICHAEL EILERT; JANE AND JOHN DOES 1-10

v.

1776 CLO I, LTD.; 1776 INVESTMENT PARTNERSHIP,
LLC; HUFF LONG-SHORT, LLC; MUSASHI, LLC;
OCTAHEDRON, LLC; WRH PARTNERS, LLC
                                        3rd Party Defendants in DC

Appeals from the United States District Court
for the District of New Jersey
(D.C. Civil No. 06-cv-05101)
District Court Judge:  Honorable Jose L. Linares

Argued March 30, 2007

Before:  RENDELL, BARRY and CHAGARES, Circuit Judges

(Filed:  April 19, 2007)

John J. Gibbons    **[ARGUED]**
One Gateway Center
Newark, NJ  07102-5310

Lawrence M. Rolnick
Thomas E. Redburn, Jr. Sheila A. Sadighi
Lowenstein Sandler
65 Livingston Avenue
Roseland, NJ  07068
    *Counsel for Appellants*

John M. Agnello    **[ARGUED]**
Melissa Flax
Carella, Byrne, Bain, Gilfillan,
Cecchi, Stewart & Olstein
5 Becker Farm Road
Roseland, NJ  07068
    *Counsel for Appellees*
    *Kenneth J. Harmonay, William J. Connors*
    *and Michael Eilert*

OPINION OF THE COURT

RENDELL, *Circuit Judge*.

Before us is an appeal from an order of the United States District Court for the

District of New Jersey granting in part and denying in part Plaintiffs-Appellants' motion

for a preliminary injunction.  On appeal, Appellants ask us to reverse that portion of the

order which denied or limited relief.  We will affirm the order of the District Court.[1]

---

[1] The District Court had jurisdiction over the motion pursuant to 28 U.S.C. § 1331, as
Appellants moved for an injunction by invoking the Computer Fraud and Abuse Act, 18

2

Appellants (collectively "Huff") consist of one partnership and several corporations which collectively engage in managing investment portfolios. Defendants-Appellees include three former Huff employees. Huff specializes in "high yield corporate bonds, private equity, structured finance, securities in emerging markets and other similar securities." *W.R. Huff Asset Mgm't Co., L.L.C. v. Harmonay*, No. 06-5101, slip. op. at 2 (D.N.J. Nov. 27, 2006). Appellees Harmonay and Connors were portfolio managers at Huff. Harmony worked at Huff for 18 years and Connors worked at Huff for 14 years. Appellee Eilert worked at Huff for roughly three years. Each signed a confidentiality agreement after he began working at Huff. The agreement stated that the employee agreed not to "disclose W.R. Huff's intellectual property to anyone outside the firm," *W.R. Huff Asset Mgm't Co., L.L.C. v. Harmonay*, No. 06-5101, slip. op. at 3 (D.N.J. Nov. 27, 2006) (quoting policy).[2] There was no agreement not to compete with Huff after employees left the company.

---

U.S.C. §§ 1030 et seq. The District Court had jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367. We exercise jurisdiction pursuant to 28 U.S.C. § 1292(a)(1).

[2]The agreement states that the employee "understood intellectual property to include all written and oral information, analyses and conclusions that may come into my possession. I understand intellectual property to also include otherwise public information because the nature of the information W.R. Huff chooses to analyze is a key proprietary component to the firm's entire research process." *W.R. Huff Asset Mgm't Co., L.L.C. v. Harmonay*, No. 06-5101, slip. op. at 3 (D.N.J. Nov. 27, 2006) (quoting policy). The agreement also stated that the employee's "obligation to keep confidential the firm's intellectual property and client information will continue after I leave W.R. Huff's employ." *Id.*

Appellees eventually decided to leave Huff and set up their own investment company. Appellees resigned on October 23, 2006, but in the two weeks prior to doing so, Appellees downloaded thousands of business documents and information stored on Huff's computers. When Huff realized what Appellees had done, and what they were planning to do, it brought suit in federal court, pressing claims of breach of contract, breach of the duty of loyalty, computer fraud, and misappropriation of trade secrets. On October 25, 2006, the District Court temporarily enjoined Appellees from contacting or soliciting any of Huff's clients, employees, consultants, or investment banks. The District Court entered a temporary restraining order enjoining Appellees from disclosing or using any trade secrets or confidential information belonging to Huff. The District Court also ordered Appellees to return the files Appellees had taken from Huff, and to preserve all documents and other evidence.

Huff then pursued a preliminary injunction, seeking (in addition to the relief previously requested) to enjoin the Appellees from "(i) soliciting Huff customers, employees and entities with which Huff does business, (ii) using or disclosing Huff's confidential information, which was allegedly obtained unlawfully, and (iii) working in a competing business venture pending a trial on the merits and entry of a final judgment." *W.R. Huff Asset Mgm't Co., L.L.C. v. Harmonay*, No. 06-5101, slip. op. at 5 (D.N.J. Nov. 27, 2006). Huff also sought to have all Huff property and information returned, *id.,* again based on theories of breach of contract, breach of the duty of loyalty, misappropriation of a trade secret, and violation of the Computer Fraud and Abuse Act. "In order to obtain a

4

preliminary injunction, the moving party must show 1) irreparable injury, 2) a reasonable probability of success on the merits, 3) the harm to it outweighs the possible harm to other interested parties, and 4) harm to the public." *Frank Russell Co. v. Wellington Mgmt. Co.*, 154 F.3d 97, 101 (3d Cir. 1998).

After extensive hearings on the motion, consideration of the materials taken, and careful analysis of Huff's claims, the District Court concluded that Huff had shown a reasonable probability of success on only one ground, breach of contract. The Court noted that it was "undisputed" that Appellees had entered into the confidentiality agreements and that they had subsequently downloaded materials from Huff's computers prior to departing. The District Court concluded that "irreparable harm exists to the extent that Defendants have retained any Huff Proprietary Information."[3] *W.R. Huff Asset Mgm't Co., L.L.C. v. Harmonay*, No. 06-5101, slip. op. at 14 (D.N.J. Nov. 27, 2006). It also concluded that "much, if not all, of the immediate irreparable harm caused by Defendants' breach of their confidentiality agreements has been cured pursuant to the Court's [previous] Orders, requiring Appellees to immediately return all Huff Proprietary Information to Plaintiffs." *Id.* The Court found that there were no trade secrets taken or

---

[3]The Court defined "Huff Proprietary Information" as "all written analyses and written conclusions that may have come into the Defendants' possession during their employment at Huff, including research reports, portfolio statements, Huff's client database, T-File, credit research files, analysis files, benchmark return files, monthly reports, note valuation reports, bond price files, investment models, CLO documents, credit agreements, and Huff's contact list." *W.R. Huff Asset Mgm't Co., L.L.C. v. Harmonay*, No. 06-5101, slip. op. at 14 n.6 (D.N.J. Nov. 27, 2006).

that could be used by Appellees.

The Court specifically ordered that Appellees must return all Huff Proprietary Information and any copies that had been made, and surrender their computers for verification. The Court also enjoined Appellees from entering Huff's business premises, contacting or soliciting any and all current Huff employees, as well as three specific Huff clients. The Court refused to enjoin Appellees from soliciting Huff customers and other entities that do business with Huff, and it refused to enjoin Appellees from working in a competing business venture.

We review preliminary injunctions for abuse of discretion. *See Johnson & Johnson-Merck Consumer Pharm., Inc. v. Rhone-Poulenc Rorer Pharm., Inc.*, 19 F.3d 125, 127 (3d Cir. 1994) ("We review the district court's conclusions of law in a plenary fashion, its findings of fact under a clearly erroneous standard, and its decision to grant or deny an injunction for abuse of discretion."). Huff urges that the Court's relief was too limited and that Appellees should essentially be prevented from using anything they learned while at Huff. We conclude that the District Court did not abuse its discretion in failing to provide relief beyond that which was granted based on the record before it. The District Court ordered the return of all data that was taken. The record before us reflects no other specific confidential information that Appellees have taken or are using. We have considered Huff's other arguments on appeal, including its assertion that trade

6

secrets exist, and found them unavailing.[4]


CONCLUSION

For the reasons set forth above, we will affirm the order of the District Court.

---

[4]We consolidated with Huff's appeal a separate appeal filed which sought to reverse an order issued by the District Court clarifying its November 2006 decision. We find that this clarification was not an abuse of the District Court's discretion, that it was merely an amendment to the previous order, and that accordingly we will dismiss the appeal, docketed as No. 07-1566. All other motions relating to that appeal, No. 07-1566, are denied. The outstanding motion to seal in the original appeal, docketed as No. 06-5028, is granted. All other motions in 06-5028 are denied.